**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**AVON CONVALESCENT CENTER, INC., Respondent.**

**No. 73–1323.**

United States Court of Appeals, Sixth Circuit.

Feb. 11, 1977.

Elliott Moore, Peter Nash, Acting Asst. Gen. Counsel, N.L.R.B., John S. Irving, Jr., Patrick H. Hardin, Joseph E. Mayer, Vivian A. Miller, Joseph A. Oertel, Washington, D.C., for petitioner.

Jonas B. Katz, Dennis J. Buckley, David Reichert, Cincinnati, Ohio, for respondent.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

ORDER

This case is before the court on the application of the National Labor Relations Board for enforcement of its supplemental decision and order reported at 219 N.L.R.B. No. 191, involving the amount of backpay to be paid by the Company to 12 discriminatees. In a previous decision this court enforced the order of the Board against the same employer. See *N.L.R.B. v. Avon Convalescent Center, Inc.*, 490 F.2d 1384 (6th Cir. 1974), enforcing the Board's order reported at 200 N.L.R.B. 702 (1972). Reference is made to the reported decisions of the Board for a recitation of pertinent facts.

▆ Upon consideration of the entire record, the court concludes that the supplemental decision of the Board is supported by substantial evidence on the record considered as a whole, except as to Annette Gibbs. As to Gibbs we agree with the administrative law judge that no backpay should be allowed because she did not make a good faith effort to find interim employment. Judge Weick agrees that the order of the Board should not be enforced with respect to Annette Gibbs. As to the other discriminatees he would deny enforcement and remand the case to the Board for the taking of additional evidence and recomputation of backpay due to the other 11 discriminatees.

Accordingly, it is ORDERED that the supplemental order of the Board be and hereby is enforced in all respects except as to Annette Gibbs, and that enforcement of the Board's order granting backpay to Annette Gibbs be denied.